IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00881-CMA-MEH

ADOLAS, LLC,

    Plaintiff,

v.

ALEXANDER ANDREWS & ASSOCIATES, LLC,
TCFG, LLC, and
STEELE INTERNATIONAL HOLDINGS, INC.,

    Defendants.

## MOTION TO DISMISS WITH PREJUDICE

Defendant Alexander Andrews & Associates, LLC hereby moves to dismiss all claims against it pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2).

### I.    INTRODUCTION

"Anyone can sue anyone for anything." As further proof of the truthfulness of that old adage, Plaintiff has sued *Alexander Andrews & Associates, LLC, a New York limited liability company* ("Alexander Andrews-New York") for breach of contract and a laundry list of other (largely deficient) claims arising out of an Escrow Agreement (the "Agreement"), despite the fact that the party to the Agreement, and the party that is the subject of the allegations in the Complaint, is *Alexander Andrews & Associates UK, Ltd., a United Kingdom limited liability company* ("AA&A-UK") – an entirely different entity. In fact, Alexander Andrews-New York was not a party to the Agreement, was not involved in any of the transactions described in the Complaint, and is not subject to the jurisdiction of this Court. Simply put, Plaintiff named the

1

wrong entity.  For these reasons, Alexander Andrews-New York moves for dismissal of all claims against it.

## II.   LEGAL STANDARDS

**A.   Rule 12(b)(6).**

To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  When reviewing a Rule 12(b)(6) motion, the court must accept as true the well-pleaded allegations of the complaint and must construe them in the light most favorable to the plaintiff.  *Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991).  Nevertheless, a complaint is not sufficient "if it tenders 'naked assertion[s]' devoid of further factual enhancement.'"  *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557).

**B.   Rule 12(b)(2).**

Rule 12(b)(2) provides for dismissal of claims based on lack of personal jurisdiction.  A federal court in a diversity action may assert jurisdiction over a non-resident defendant only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007).  The plaintiff has the burden of proving that the court has jurisdiction.  *Id.*

### III.     ARGUMENT

A.     **Alexander Andrews-New York Was Not a Party to the Agreement and Was Not involved in the Transactions Described in the Complaint.**

Alexander Andrews-New York was not a party to the Agreement at the center of this case.  Rather, the parties to the Agreement were Plaintiff, TMO International Group, Inc., AA&A UK, and RossLaw, LLC (as escrow agent).  See *Exhibit 1* to the Complaint.[1]  Alexander Andrews-New York also was not a party to the Disbursement Request (*Exhibit 2* to the Complaint); the parties to that document were TMO, Plaintiff, and AA&A UK.  And Alexander Andrews-New York did not hold, authorize the transfer of, or receive the funds that were allegedly deposited with the escrow agent.  Instead, the Funds Transfer Request Authorization (*Exhibit 3* to the Complaint) shows that RossLaw (as escrow agent) held and authorized the transfer of the funds, and that TCFG LLC received the funds (with TMO and Plaintiff identified as "additional reference information").  In short, Alexander Andrews-New York had nothing to do with any of this.

Because Alexander Andrews-New York was not a party to the Agreement, Plaintiff's First (breach of contract) and Second (breach of implied covenant of good faith and fair dealing) Claims obviously fail.  Plaintiff's Third (unjust enrichment), Fourth (civil theft), and Sixth (conversion) Claims also fail because they rely on Alexander Andrews-New York receiving the funds, which it didn't.  And Plaintiff's Eighth (fraud), Ninth (negligent misrepresentation), Tenth

---

[1] Notably, the Agreement did *not* obligate AA&A UK to provide a standby letter of credit ("SBLC") to Plaintiff, as Plaintiff claims.  *See, e.g.,* Complaint at ¶ 21.  Rather, the Agreement merely obligated AA&A UK to review the form SBLC provided to it by Steele Financial, the entity that actually had the obligation to acquire the SBLC.  *See Exhibit 1* to the Complaint at ¶ 1.3.  Thus, even if Alexander Andrews-New York had been a party to the Agreement (which it wasn't), Plaintiff would be misrepresenting its obligations under the Agreement.

(tortious interference with contract), Twelfth (negligence), and Fourteenth (Conspiracy) Claims fail because they rely on Alexander Andrews-New York being a party to the Agreement – which it wasn't – or otherwise having some involvement in the transactions described in the Complaint – which it didn't.

### B.     This Court Lacks Personal Jurisdiction Over Alexander Andrews-New York.

As grounds for this Court's personal jurisdiction over Alexander Andrews-New York, Plaintiff states that Alexander Andrews-New York transacts business within Colorado.  *See* Complaint at ¶ 16.  But as discussed above, all Plaintiff's factual allegations pertain to a different entity – AA&A UK.  Plaintiff has therefore failed to state any grounds for personal jurisdiction over Alexander Andrews-New York, and Plaintiff's claims against Alexander Andrews-New York should be dismissed on that basis as well.

### IV.     CONCLUSION

For the foregoing reasons, Alexander Andrews-New York respectfully requests that the Court dismiss all Plaintiff's claims against it with prejudice.

Respectfully submitted this 14th day of May 2019.

>/s/ Jeffrey R. Thomas
>Jeffrey R. Thomas, #28413
>Thomas Law LLC
>3773 Cherry Creek North Dr, Suite 600
>Denver, Colorado 80209
>Telephone: 720.330.2805
>Email: jthomas@thomaslawllc.com
>*Attorneys for Defendant Alexander Andrews & Associates, LLC*

5

**CERTIFICATE OF SERVICE**

      I hereby certify that, on May 14th, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties or their attorneys of record.

                                                      /s/ Jeffrey R. Thomas