IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00881-DDD-MEH

ADOLAS, LLC,

    Plaintiff,

v.

ALEXANDER ANDREWS & ASSOCIATES, LLC,
TCFG, LLC, and
STEELE INTERNATIONAL HOLDINGS, INC.,

    Defendants.

**REPLY IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE**

Defendant Alexander Andrews & Associates, LLC submits the following Reply in Support of its Motion to Dismiss with Prejudice.

**A.**    **Alexander Andrews-New York and AA&A-UK are <u>Not</u> the Same Entity.**

The exhibits to Plaintiff's own Complaint show that Alexander Andrews-New York was *not* a party to the Agreement (*see Exhibit 1* to the Complaint); was *not* a party to the Disbursement Request (*see Exhibit 2* to the Complaint); and did *not* hold, authorize the transfer of, or receive the funds that were allegedly deposited with the escrow agent (*see Exhibit 3* to the Complaint).[1]  Plaintiff nevertheless argues that Alexander Andrews-New York is properly named

---

[1] As noted in the Motion, in addition to wrongfully naming Alexander Andrews-New York as a defendant, Plaintiff has misrepresented the obligations of the entities that actually were parties to the Agreement.  The Agreement did *not* obligate AA&A-UK to provide a standby letter of credit ("SBLC") to Plaintiff, as Plaintiff claims.  Rather, the Agreement merely obligated AA&A-UK to review the form SBLC provided to it by Steele Financial, the entity that actually had the obligation to acquire the SBLC. *See Exhibit 1* to the Complaint at ¶ 1.3.

1

because it is plausible that Alexander Andrews-New York and AA&A-UK (the entity that *was* a party to the Agreement and Disbursement Request) are the same entity.  But that is *not* plausible; in fact, it is demonstrably *implausible*.  Contrary to Plaintiff's "belief" that the two entities are the same, publicly-available corporate records show that the two entities are separate and distinct: Alexander Andrews-New York is an active New York domestic limited liability company formed in January 2015 (well before the November 25, 2017 Agreement), while AA&A-UK is an active United Kingdom private limited company formed in March 2017 (also well before the November 25, 2017 Agreement).  *See Exhibits A* and *B* hereto.[2]  Neither entity has ever operated under a different name.  *See id.*

B.  The Affidavits and Other Exhibits to Plaintiff's Response Should Be Stricken.

Plaintiff attached to its Response (1) an email from Alan Edmondson,[3] the majority owner, an officer, and a director of AA&A-UK (*see Exhibits C* and *D* hereto), which, unlike Alexander Andrews-New York, *was* a party to the Agreement but *was not* named as a defendant; (2) an affidavit from Robert Bailey,[4] the president of TMO International, Inc., which, unlike Alexander Andrews-New York, *also was* a party to the Agreement but *also was not* named as a defendant; and (3) an affidavit from Cameron Lee,[5] whose position and relevance to this case are entirely unclear.

---

[2] Alexander Andrews-New York requests that the Court take judicial notice of *Exhibits A, B, C* and *D* hereto pursuant to FRE 201.

[3] *Exhibit 3* to Plaintiff's Response.

[4] *Exhibit 4* to Plaintiff's Response.

[5] *Exhibit 5* to Plaintiff's Response.

The Court should strike these self-serving statements for at least two reasons. First, in determining whether a complaint states a claim, a court should not consider allegations by the plaintiff that are not in the complaint. *See Nester v. Bank One Corp.*, 224 F. Supp. 2d 1344, 1346 (D. Utah 2002) ("[i]t is unquestionably inappropriate to consider plaintiff's affidavit in connection with the 12(b)(6) motion to dismiss since the sufficiency of the complaint is the only issue before the court"); *Lewis v. Commerce Bank & Tr.*, 333 F. Supp. 2d 1019, 1021 (D. Kan. 2004) ("we do not believe we should determine whether a complaint states a claim on the basis of allegations which are in an affidavit and not in the complaint").

Second, the affidavits and email are irrelevant and largely *not* based on personal knowledge, and they are therefore improper. Concerning relevance, none of the statements in the affidavits or email bear on whether Alexander Andrews-New York and AA&A-UK are the same entity, and those statements are therefore simply not relevant. Concerning personal knowledge, the affidavits and email are replete with statements based on nothing more than "belief" or "understanding." *See Exhibit 4* to Plaintiff's Response at ¶ 3 ("As I understand it …"), ¶ 6 ("Upon information and belief …"), ¶ 7 ("Upon information and belief …"), ¶ 10 (offering no basis whatsoever for personal knowledge); *Exhibit 5* to Plaintiff's Response at ¶ 3 ("As I understand it …"), ¶ 6 ("it is my belief …"), ¶ 9 ("I believe …"); *Exhibit* 3 to Plaintiff's Response (offering no basis whatsoever for personal knowledge). Such statements are entirely improper. *See, e.g., Automatic Radio Mfg. Co. v. Hazeltine Research, Inc.*, 339 U.S. 827, 831 (1950), *overruled on other grounds by Lear, Inc. v. Adkins*, 395 U.S. 653 (1969) (affidavit based on mere "information and belief" not proper).

### C. This Court Lacks Personal Jurisdiction Over Alexander Andrews-New York.

Plaintiff's claim that this Court has personal jurisdiction over Alexander Andrews-New York relies on the false premise that Alexander Andrews-New York and AA&A-UK are the same entity. For that reason, Plaintiff's claims against Alexander Andrews-New York should be dismissed for lack of personal jurisdiction.

### D. The Complaint Should Be Dismissed *with Prejudice*.

"The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981). "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Id.* at 398; *see also McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) ("[w]hen the word 'dismissed' is coupled with the words '[for] fail[ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning … unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice") (alterations in original); *U.S. ex rel. Karvelas v. Melrose–Wakefield Hosp.*, 360 F.3d 220, 241 (1st Cir.2004), *abrogated on other grounds by United States v. Millenium Labs., Inc.*, 923 F.3d 240, 244 (1st Cir. 2019) ("in the absence of a clear statement to the contrary, a dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is presumed to be with prejudice"). Because Plaintiff has failed to state a claim under Rule 12(b)(6), its Complaint should be dismissed with respect to Alexander Andrews-New York *with prejudice*.

Respectfully submitted this 18th day of June 2019.

/s/ Jeffrey R. Thomas
Jeffrey R. Thomas, #28413
Thomas Law LLC
3773 Cherry Creek North Dr, Suite 600
Denver, Colorado 80209
Telephone: 720.330.2805
Email: jthomas@thomaslawllc.com
*Attorneys for Defendant Alexander Andrews & Associates, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that, on June 18th, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties or their attorneys of record.

                                              /s/ Jeffrey R. Thomas