IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00881-MEH

ADOLAS, LLC,

    Plaintiff,

v.

ALEXANDER ANDREWS & ASSOCIATES, LLC,

    Defendant.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendant Alexander Andrews & Associates, LLC's Motion to Dismiss with Prejudice. ECF 34. For the reasons that follow, the motion is granted in part and Plaintiff's claims are dismissed without prejudice.

## BACKGROUND

    Plaintiff initiated this lawsuit on March 22, 2019, and filed its First Amended Complaint and Jury Demand on September 10, 2019. ECF 33. Plaintiff alleges that Defendants defrauded it of $2 million. Specifically, Plaintiff endeavored to purchase sugar in Brazil for sale and delivery to Djibouti, Africa. Plaintiff contracted with TMO International Group, Inc. ("TMO") for the purchase, and based on a document attached to its original Complaint (ECF 1-1), in 2017 entered into an escrow agreement with TMO and "Alexander Andrews & Associates UK, Ltd., a United Kingdom limited company having an address at First Floor, Woodberry Grove, Finchley, London N12 0DR." These contracting parties agreed to deposit funds in escrow with RossLaw, LLC, the escrow agent. Plaintiff alleges that Alexander Andrews & Associates UK, Ltd. would provide Plaintiff with a standby letter of credit with a value of $18 million. In furtherance of this

arrangement, Plaintiff deposited $2 million into the trust account of RossLaw, LLC. Plaintiff alleges that on December 7, 2017, RossLaw, LLC transferred the $2 million to TCFG, LLC. Finally, Plaintiff alleges that Alexander Andrews & Associates UK, Ltd. has not provided the standby letter of credit, nor has any portion of the $2 million been returned to Plaintiff.

The current Motion to Dismiss alleges that the named Defendant, Alexander Andrews & Associates, LLC, a New York limited liability company, was not a party to the underlying agreements and, therefore, Plaintiff has named the wrong party and Defendant should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Further, Defendant alleges that under Rule 12(b)(2), it should be dismissed for lack of personal jurisdiction. Plaintiff alleges that the Amended Complaint plausibly alleges claims for relief against Defendant because (1) the two "Alexander Andrews & Associates" entities "share . . . common information," including the email address of Aubrey Alexander (allegedly the managing member of both entities), a.alexander@aandrewsandassociates.com (Resp. 3, ECF 39); (2) Plaintiff believes that in 2017, the New York entity was doing business under the trade name of the UK entity; (3) Plaintiff's counsel received an email from the UK entity which stated that the UK entity "is a dormant company," although also stating that Aubrey Alexander "is not a director of Alexander Andrews & Associates UK Limited, nor a shareholder or signatory and any direction from him in that capacity would be illegal"; and (4) the New York entity actually "partially performed" the contract, Plaintiff relying on alleged communications with the New York entity "months after performance was due." Resp. 6. These led Plaintiff to the conclusion that "[t]he facts pled in the Complaint establish that [the New York entity] is the same entity as the [UK entity] named in the Agreement." Of course, in reply Defendant disagrees with the conclusion. It argues that,

contrary to the email Plaintiff received, the UK entity is an active United Kingdom private limited company, attaching documents demonstrating the same.

## LEGAL STANDARDS

### I. Fed. R. Civ. P. 12(b)(2)

"Where, as in the present case, there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995); *see also Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 900 (10th Cir. 2017). "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

> The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party. However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true.

*Wenz*, 55 F.3d at 1505 (citations and internal quotation marks omitted). "[T]o defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating that the presence of some other considerations would render jurisdiction unreasonable." *OMI Holdings, Inc.*, 149 F.3d at 1091 (citation and internal quotations omitted).

In addressing a whether a non-resident defendant could be haled into the District of Colorado in a diversity action, the Tenth Circuit hset forth the proper standards for analysis:

> "The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, [571 U.S. 277], 134 S. Ct. 1115, 1121, 188 L.Ed.2d 12 (2014). The law of

the forum state and constitutional due process limitations govern personal jurisdiction in federal court. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000); *see* Fed. R. Civ. P. 4(k)(1)(A). Colorado's long-arm statute, Colo. Rev. Stat. § 13–1–124, extends jurisdiction to the Constitution's full extent. *Benton* [*v. Cameco Corp.*], 375 F.3d [1070,] 1075 [(10th Cir. 2004)]; *Mr. Steak, Inc. v. District Court*, 194 Colo. 519, 574 P.2d 95, 96 (1978) (en banc). The personal jurisdiction analysis here is thus a single due process inquiry. *See Benton*, 375 F.3d at 1075.

*Old Republic Ins. Co.*, 877 F.3d at 903.

When evaluating personal jurisdiction under the due process clause, the Tenth Circuit conducts a two-step analysis. At the first step, the court examines "whether the non-resident defendant has 'minimum contacts' with the forum state such 'that he should reasonably anticipate being haled into court there.'" *TH Agric. & Nutrition, LLC v. Ace European Grp., Ltd.,* 488 F.3d 1282, 1287 (10th Cir. 2007) (citations omitted). If the defendant has sufficient contacts, the court then asks whether "exercise of jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice,'" that is, whether the exercise of jurisdiction is "reasonable" under the circumstances of a given case. *Id.* (citations omitted). "This analysis is fact specific." *ClearOne Commc'ns., Inc. v. Bowers*, 643 F.3d 735, 763 (10th Cir. 2011) (quoting *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010)).

"A defendant's contact with the forum state may give rise to either general or specific jurisdiction." *C5 Med. Werks, LLC v. CeramTec GMBH*, 937 F.3d 1319, 1323 (10th Cir. 2019) (citing *Old Republic Ins. Co.*, 877 F.3d at 903). First, if a defendant has "continuous and systematic general business contacts" with the forum state, it may be subjected to the general jurisdiction of the forum state's courts. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416 (1984). Second, even in the absence of "continuous and systematic" contacts, a state's courts may exercise specific jurisdiction over a defendant that "purposefully directed" its

activities at the state's residents, if the cause of action arises out of those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). Specific jurisdiction "has two requirements: '(i) that the defendant must have purposefully directed its activities at residents of the forum state, and (ii) that the plaintiff's injuries must arise out of the defendant's forum-related activities." *C5 Med. Werks, LLC*, 937 F.3d at 1323 (internal brackets and quotation marks omitted).

In addition to examining the defendant's minimum contacts with Colorado, the Court must analyze whether the exercise of personal jurisdiction offends "traditional notions of fair play and substantial justice" in this case. *ClearOne Commc'ns., Inc.*, 643 F.3d at 764. This inquiry requires a determination of whether personal jurisdiction over a defendant with minimum contacts is reasonable in light of the circumstances surrounding the case. *Id.* In assessing reasonableness, a court considers: (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Id.*

## II.     Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled

facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

## ANALYSIS

Although Defendant raises both 12(b)(2) and 12(b)(6) grounds for dismissal, these arguments rely on the same premise: the New York entity was not involved in the underlying transaction. On this record, I cannot find that Plaintiff plausibly alleges a claim against this Defendant.

The original Complaint identified Defendant Alexander Andrews & Associates, LLC but attached an agreement entered into with Alexander Andrews & Associates UK, Ltd. Neither the original Complaint nor the Amended Complaint contains a single allegation that the contracting UK entity is actually the New York entity. In fact, neither of these pleadings mentions the UK entity whatsoever despite the attached agreement that names the UK entity. Therefore, the pleadings do not plausibly allege claims against the Defendant.

Nothing in the Plaintiff's response to the Motion to Dismiss persuades me otherwise. Plaintiff merely alleges that a person, Aubrey Alexander, is associated with both entities, and his email is a.alexander@aandrewsandassociates.com; Plaintiff believes they are the same entity; and there were communications with the New York entity months after performance under the contract was due. These allegations do not move the needle.

Neither party has requested that this Motion to Dismiss be converted to one for summary judgment. In evaluating a Rule 12(b)(6) motion, I am permitted to rely on a complaint as well as

attached exhibits.  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  Thus, I may consider ECF 1-1, the escrow agreement, attached to the original Complaint.

This is not the end of the matter.  A dismissal under Rule 12(b)(6) constitutes a dismissal with prejudice unless the court specifies otherwise.  *Lomax v. Ortiz-Marquez*, 754 F. App'x 756, 759 n.2 (10th Cir. 2018), *cert. granted in part*, 140 S. Ct. 428, 205 L. Ed. 2d 244 (2019).  In the present case, the Motion to Dismiss was filed on September 12, 2019, when the case was assigned to a District Judge.  On March 6, 2020, by consent of the parties, the matter was assigned to me.  Only at that time did I become the judicial officer assigned to the case and responsible for the Motion to Dismiss.  Discovery in the case commenced no later than September 16, 2019 with the entry of the Scheduling Order (ECF 37).  Thus, since the date that discovery commenced in this case, Plaintiff has known about the issue of whether the proper "Alexander Andrews & Associates" defendant has been named.  It is likely that some discovery has been conducted regarding the identity issue.  Therefore, Plaintiff may have sufficient information to file an amended complaint either naming the correct entity, or to plead the existing Defendant New York entity as a proper defendant, or to re-file the case in a jurisdiction in which there exists appropriate personal jurisdiction over whoever the proper defendant is.  Therefore, I believe this dismissal should be without prejudice.

## CONCLUSION

For the foregoing reasons, Defendant Alexander Andrews & Associates, LLC's Motion to Dismiss with Prejudice, ECF 34, is **granted in part and denied in part** and the Plaintiff's claims are **dismissed without prejudice**.  On or before March 31, 2020, Plaintiff may submit a motion for leave to file a second amended complaint (after required conferral under Local Rule

7.1(a)) or take other appropriate action pursuant to this Order. If Plaintiff fails to do so, the Court will close the case.

Dated at Denver, Colorado this 17th day of March, 2020.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge